645 A.2d 1235

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
RUSSELL E. LERMAN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted July 12, 1994—Decided July 25, 1994.

Before Judges BRODY and DREIER.

*Russell E. Lerman,* appellant, filed a *pro se* letter brief.

*Ronald S. Fava,* Passaic County Prosecutor, attorney for respondent (*Steven E. Braun,* Senior Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

BRODY, P.J.A.D.

Defendant was convicted of not wearing a safety seat belt while operating an automobile on a street or highway, a violation of the

Passenger Automobile Seat Belt Usage Act, *N.J.S.A.* 39:3–76.2e to –76.2k. The Law Division judge imposed a $20 fine without motor vehicle points as required by *N.J.S.A.* 39:3–76.2j.

A law enforcement officer may only enforce the offense against a driver who has been detained for the suspected violation of some other offense. *N.J.S.A.* 39:3–76.2i (the provision) provides:

> Enforcement of this act by State or local enforcement agents shall be accomplished only as a secondary action when a driver of a passenger automobile has been detained for suspected violation of Title 39 of the Revised Statutes or some other offense.

Defendant argues that the trial courts erroneously denied his motion to dismiss the complaint. He argued on the motion that the complaint was defective because it did not allege that the police officer had detained him for a suspected violation of another offense when he issued the summons and complaint for the seat belt offense. He also argues on appeal that the evidence does not support the conviction. We affirm the conviction.

■ The summons and complaint was issued on a form prescribed by the Administrative Director of the Courts as required by *R.* 7:6–1. It describes the offense as "failure to wear seat belt" and refers to *N.J.S.A.* 39:3–76.2f as the statute violated. That statute provides in relevant part:

> ... [E]ach driver and front seat passenger of a passenger automobile operated on a street or highway in the State shall wear a properly adjusted and fastened safety seat belt system as defined by Federal Motor Vehicle Safety Standard Number 209.

The complaint gave defendant adequate notice of the charge. It was not defective. Defendant's motion was properly denied.

■ The provision addresses the authority of an officer to act, *i.e.*, an officer has no authority to issue a summons to a driver for the seat belt violation unless the officer had detained the driver on suspicion of committing another offense. The provision does not add elements to the offense of operating an automobile without wearing a seat belt.

■ The provision is like the rule that a police officer has no authority to conduct a search unless there is probable cause, or

like a defense under the Code of Criminal Justice.[1] In those instances, the issue is not judicially addressable unless and until the defendant moves to suppress, R. 3:5–7, or the defendant raises the defense and there is "any evidence" to support it, State v. Kelly, 97 N.J. 178, 200, 478 A.2d 364 (1984). Defendant here did not raise the issue at trial. He limited his motion to what he asserted was a deficiency in the allegations of the complaint.

■ We turn to the evidence at trial. The arresting officer and defendant were the only witnesses. The officer testified that he observed defendant repeatedly move back and forth from his lane over onto part of the oncoming lane of traffic apparently awaiting a propitious moment to pass an automobile he was following. Eventually he passed the vehicle but in doing so exceeded the speed limit. The officer thereupon turned on his overhead lights and had defendant pull over because of these moving violations. He testified that as he walked over to defendant, who was sitting in the driver's seat,

> I—I advised him why he was stopped and at that time I also noticed that he wasn't wearing a seat belt and I—and I made mention of that to him of which he— he made a response, a rather profane response, and with all due respect to the Court I won't repeat in its entirety, but he did say—now I'm—I'm looking at the back of my summons now. "He forgot, he was coming from the State of Maine and—and they don't have to wear seat belts in Maine."

The officer issued a summons and complaint for only the seat belt violation.

Defendant did not contradict the officer's testimony. Significantly, he did not deny that the officer told him that he was being detained because of the traffic violations. Also, he acknowledged that he had just come from Maine. However, he testified that he was wearing the seat belt while operating his automobile. He claimed that when he brought his vehicle to a stop, he removed the belt in order to reach behind his seat to retrieve a carton of milk to quench his thirst:

---

[1] The Code does not apply to motor vehicle offenses. N.J.S.A. 2C:1–14k.

Right—he was—that's true, I did—I was coming from Maine, I did release my seat belt, I—I released my seat belt to get some milk in back of the seat, okay. I was reaching down, I got it up and then he—he—then he drove in back of me with his lights on—flashing light and that's—okay, and then he—he—I—then I pulled over to the side and he came over to ask for the identification.

Both the municipal court judge and the Law Division judge discredited defendant and found him guilty.

We must sustain the judges' findings because they "could reasonably have been reached on sufficient credible evidence present in the record." *State v. Johnson,* 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964).

Affirmed.